IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DARCY LOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-407-O-BP |
| | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act with Brief/Memorandum in Support filed December 7, 2022 and Defendant's Response filed on December 8, 2022. ECF Nos. 24, 26. This case was referred to the undersigned automatically under Special Order 3 on May 11, 2022. ECF No. 4. United States District Judge Reed O'Connor referred the Application and briefing to the undersigned by Order entered on December 8, 2022. ECF No. 26.

The Court finds that Plaintiff, Darcy Lowe, was the prevailing party in this case. *See* ECF No. 23. Based upon a full review of the pleadings and applicable legal authorities, the agreement of the Commissioner to the amount of fees requested by Plaintiff, and the provisions of 28 U.S.C. § 2412(d)(2)(A), the Court finds that the appropriate hourly rate at which to award fees in this case is $211.25 per hour for services performed in 2022. The Court further finds that Plaintiff is entitled to recover compensation for attorney services incurred of 21.5 hours in 2022.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Darcy Lowe, in care of Jonathan Heeps, an attorney, Law Office of Jonathan A. Heeps,

P.O. Box 173472, Arlington, TX 76003, attorney fees under the Equal Access to Justice Act, in the total amount of $4,541.87 for 21.5 hours of service in 2022 at a rate of $211.25 per hour.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 13, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE